ORDER ON PETITION FOR REHEARING
ERVIN, Judge.
Appellant files its petition for rehearing alleging that we failed to take into consideration an error in the lower court’s judgment in which there was erroneously deducted from the amount awarded to Ashland the sum of $1,200.00 representing four days of delay time at the liquidated rate of $300.00 per day. We did not initially consider the error complained of because it was not raised by Ashland in its assignments of error, although it was a sum requested by Ashland in the conclusion to its brief. Normally this court will not consider matters not raised by assignments of error and parties will be deemed to have abandoned any alleged errors for their failure to do so pursuant to Fla.App.R. 3.7(i). Nevertheless, upon reconsideration it clearly appears that the lower court’s deduction of four days liquidated damages from the amount it awarded Ashland was a mistake. The Road Department has never suggested that it was not a mistake. Unquestionably Ashland would be entitled under Fla.R. Civ.P. 1.540(b) to move the trial court for relief from judgment on the ground of mistake. In Willis v. Ryals, 328 So.2d 475 (Fla. 1st DCA 1976), this court held that even though there was no basis for upsetting the jury’s findings upon which a final judgment was based in a boundary dispute, nevertheless it remanded the cause to the trial court solely for the purpose of correcting an erroneous property description contained in the final judgment pursuant to Fla.R.Civ.P. I.540.
Accordingly, the final two paragraphs of our opinion filed February 11, 1977 are amended as follows:
This cause is remanded to the trial court with directions that the final judgment dated February 20, 1976, and amended by order dated February 23, 1976, be modified as follows: That in addition to the sum of $42,235.04 previously awarded Ashland, Ashland shall recover from the Department $40,842.50, which is computed as follows: 27,561 cubic yards for removal and replacement of unsuitable backfill material minus II,224 cubic yards formerly allowed in the final judgment, or the difference of 16,337 cubic yards X $2.50 (125 percent of the contract unit price). Added to the above amounts is $1,200.00 representing a credit for four days delay time not eliminated by the trial court’s judgment at the liquidated rate of $300.00 per day.
*883 Interest shall run on the principal amount from March 1, 1969, at six percent interest per annum until the judgment is satisfied. In all other respects the judgment is affirmed
RAWLS, C. J., and McCORD, J., concur.